UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-0988 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Exclude the Testimony of Brian Grieser and Memorandum in Support Thereof (Doc. No. 52). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that the Plaintiff's motion should be denied.

1. Plaintiff Pamela Jenkins ("Jenkins") files this motion first on timeliness grounds. Home Depot has retained Mr. Grieser as a biomechanical engineer expert who will testify as to his expert opinion on the forces applied to Jenkins' body when she fell through a chair at Home Depot's store on August 18, 2006.[1] Jenkins argues that Defendant Home Depot USA, Inc.'s ("Home Depot") designation of Brian Grieser is untimely and prejudicial. She contends that the scheduling order stipulated that Home Depot was to identify its expert witnesses by December 12, 2008. Mr. Grieser was disclosed as an expert on February 26, 2010. Jenkins acknowledges that the Court gave each party leave to identify additional experts in a hearing held on October 15, 2009. Jenkins argues, however, that the Court's leave was limited to allowing Jenkins to designate Dr. Mims, her treating physician, as an expert witness, and allowing Home

---

[1] The facts are laid out in greater detail in the Court's Memorandum and Order issued today.

1

Depot to name its own medical expert to rebut Dr. Mims' opinions. Because Home Depot has instead appointed a biomechanical engineer, Jenkins argues that it has gone beyond the leave granted by this Court. Additionally, Jenkins argues that a designation at this stage puts an unfair burden on her, as she now has to engage in substantial research, take Mr. Grieser's deposition, and possibly appoint her own expert.

Home Depot counters that, at the October 15, 2009 hearing before this Court, counsel gave notice that he was concerned that Jenkins was being allowed to designate a medical expert after the deadline in the scheduling order, and stated that had he been counsel from the beginning of the case, he would have appointed a biomechanical expert. The Court agreed that it was troubled by allowing leave for Jenkins to designate an expert past the deadline. The Court then announced that, because discovery cutoff had been vacated, Home Depot would also have an opportunity to designate one or more additional experts within thirty days after Dr. Mims' deposition. Home Depot argues that, based on the transcript of that hearing, it is clear that it gave notice that it wished to appoint a biomechanical expert, that Jenkins was on notice at that time and did not object, and that the Court did not limit the type or subject matter of any additional expert's opinion in its order. Thus, Home Depot argues that its designation is timely.

The Court agrees with Home Depot. Home Depot put both the Court and Jenkins on notice that it was considering appointing a biomechanical expert. In its order, the Court did not limit Home Depot as to the type of expert it could designate. Both parties wished to appoint additional experts, and the Court accommodated that request in October of 2009, with the understanding of all parties that late designation of experts would entail last-minute trial preparation work. Moreover, in the Court's view, Mr.

2

Grieser does fill the role of a rebuttal expert to Dr. Mims, who testified that Jenkins' injuries were caused by her fall. By studying the mechanics of her fall, Mr. Grieser comes to different conclusions.

The Court will not strike Mr. Grieser's expert testimony on timeliness grounds.

2. Jenkins also objects to Mr. Grieser's testimony on *Daubert* grounds. Under *Daubert*, scientific testimony must be both reliable and relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Jenkins argues that Mr. Grieser's opinion is not reliable because his assessment of Jenkins' shock exposure "does not and cannot take into account the many variables involved in such a fall." (Pl.'s Mot. to Exclude the Testimony of Brian Grieser and Memo. In Supp. Thereof, Doc. No. 52, at 4.) As Home Depot points out, however, Jenkins fails to state what these variables are, and wholly omits any discussion of possible alternative methodologies. In other words, Jenkins asserts that Mr. Grieser's testimony is unreliable without providing any grounds for her assertion. The Court lacks any basis for excluding Mr. Grieser's testimony.

Jenkins also argues that Mr. Grieser's opinion is not relevant because his findings "do not assist the trier of fact in understanding or determining any fact at issue in the case." (Doc. No. 52, at 5.) Once again, however, Jenkins fails to show in any detail why Mr. Grieser's opinion does not assist the trier of fact in answering the ultimate question in this case.

Jenkins has provided no reason to discount Mr. Grieser's testimony based on the actual contents of his claim, and based on its own review, the Court can find none. Therefore, the Court declines to hold that Mr. Grieser's testimony is inadmissible on *Daubert* grounds.

3. Jenkins last argument is that the probative value of Mr. Grieser's testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and should therefore be excluded under Rule 403 of the Federal Rules of Evidence. (Doc. No. 52, at 5.) Once again, however, Jenkins fails to articulate a basis for her conclusory opinion. She merely contends that Mr. Grieser's opinion is a "classic example" of evidence that does not offer much probative value but has great potential to confuse the issues or mislead the trier of fact. The Court is unswayed by this unsupported assertion, and will not exclude Mr. Grieser's testimony on this ground.

Plaintiff's Motion to Exclude the Testimony of Brian Grieser and Memorandum in Support Thereof (Doc. No. 52) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of April, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**